IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
DAVENPORT DIVISION

| | |
|---|---|
| **JOYCE SMITHBERG, an Individual, ANN FESSLER, an Individual, KATHLEEN HARSHBARGER, an Individual, NELLIE MAIN, an Individual, CONNIE MEINERS, an Individual,** <br><br> Plaintiffs, <br><br> v. <br><br> **ERIC K. SHINSEKI, SECRETARY, U.S. DEPARTMENT OF VETERANS AFFAIRS,** <br><br> Defendant. | CASE NO._____ <br><br><br><br><br><br><br><br> **COMPLAINT AND JURY DEMAND** |

**COMES NOW** the Plaintiffs, Joyce Smithberg, Ann Fessler, Kathleen Harshbarger, Nellie Main, and Connie Meiners (hereinafter collectively "Plaintiffs"), and through their undersigned counsel, and respectfully state the following causes of action against Defendant, Eric K. Shinseki, Secretary, U.S. Department of Veterans Affairs (hereinafter "Defendant") as follows:

**PARTIES**

1. Plaintiff Joyce Smithberg (hereinafter "Plaintiff Smithberg" or "Smithberg") is a female, a resident of the State of Iowa, and, at all times relevant to this action was employed by Defendant through the Iowa City Veterans Affairs Medical Center (hereinafter "Iowa City VAMC") as a Clinical Nurse Coordinator at the Ottumwa Community-based Outpatient Clinic ("CBOC"), located in Ottumwa, Wapello County, Iowa.

1

2. Plaintiff Ann Fessler (hereinafter "Plaintiff Fessler" or "Fessler") is a female, a resident of the State of Iowa, and, at all times relevant to this action was employed by Defendant through the Iowa City VAMC as a Clinical Nurse Coordinator at the Dubuque CBOC, located in Dubuque, Dubuque County, Iowa.

3. Plaintiff Kathleen Harshbarger (hereinafter "Plaintiff Harshbarger" or "Harshbarger") is a female, a resident of the State of Iowa, and, at all times relevant to this action was employed by Defendant through the Iowa City VAMC as a Clinical Nurse Coordinator at the Waterloo CBOC, located in Waterloo, Black Hawk County, Iowa.

4. Plaintiff Nellie "Irene" Main (hereinafter "Plaintiff Main" or "Main") is a female, a resident of the State of Illinois, and, at all times relevant to this action was employed by Defendant through the Iowa City VAMC as a Clinical Nurse Coordinator at the Quincy CBOC, located in Quincy, Adams County, Illinois.

5. Plaintiff Connie Meiners (hereinafter "Plaintiff Meiners" or "Meiners") is a female, a resident of the State of Minnesota, and, at all times relevant to this action was employed by Defendant through the Iowa City VAMC as a Clinical Nurse Coordinator at the Decorah CBOC, located in Decorah, Winneshiek County, Iowa.

6. Defendant, Eric K. Shineski, is the Secretary of the U.S. Department of Veterans Affairs, a United States of America federal agency. The Iowa City VAMC is an agency operated by the Department of Veterans Affairs, which conducts business and is located in Iowa City, Johnson County, Iowa.

**NATURE OF ACTION, JURISDICTION, AND VENUE**

7. This is an action under and pursuant to: Title VII of the Civil Rights Act of 1964, U.S.C. § 2000e, and the Equal Pay Act of 1963, 29 U.S.C. § 206(d).

8. Plaintiffs are protected from discriminatory practices based on sex pursuant to 42 U.S.C. § 2000e and unequal payment of wages based on sex pursuant to 20 U.S.C § 206(d).

9. Jurisdiction is proper in this court pursuant to 28 U.S.C. § 1331 because Plaintiffs bring this action pursuant to federal statute.

10. Venue is proper under 28 U.S.C. §1391(b) because the acts complained of herein occurred within this District and division. The Iowa City VAMC involved in this matter is located in Iowa City, Johnson County, Iowa, which is in the Southern District, Davenport Division.

11. Plaintiffs invoked Equal Employment Opportunity ("EEO") procedures available to them as federal sector employees and reported their employment discrimination claims to the Office of Resolution Management ("ORM"). Plaintiffs have exhausted all administrative remedies.

## COMMON FACTUAL ALLEGATIONS

12. At all relevant times Plaintiffs were all employed with Defendant as Clinical Nurse Coordinators of their respective CBOCs.

13. Plaintiffs performed the same core job functions, which require equal skill, effort and responsibility. Plaintiffs' job functions are identified in their Functional Statement. In addition to their job functions identified in the Functional Statement, Plaintiffs also performed additional administrative and supervisory duties outlined in the Iowa City CBOC Clinic Coordinator Duties.

14. At all relevant times Plaintiffs were all under the immediate supervision of Ms. Andrea Moen, Primary Care Administrator of the Iowa City VAMC.

15. At all relevant times, Plaintiffs were paid on a Registered Nurse Pay Scale, plus two (2) additional steps for being employed as a Clinical Nurse Coordinator. Plaintiffs' salaries are as follows:

   a. Plaintiff Smithberg was hired at the Ottumwa CBOC in August 2010 as a Nurse 2, Step 11 on the Registered Nurse Pay Scale. Her starting salary was $60,950. Plaintiff Smithberg's current salary is $63,374 based on a Nurse 3, Step 9 on the Registered Nurse Pay Scale. A copy of the Ottumwa Registered Nurse Pay Scale is attached as Exhibit "A" and incorporated herein by reference.

   b. Plaintiff Fessler was hired at the Dubuque CBOC in November 2009 as a Nurse 1, Level 3, Step 14 on the Registered Nurse Pay Scale. Her starting salary was $54,971. Plaintiff Fessler's current salary is $60,950 based on a Nurse 2, Step 11 on the Registered Nurse Pay Scale. A copy of the Dubuque Registered Nurse Pay Scale is attached as Exhibit "B" and incorporated herein by reference.

   c. Plaintiff Harshbarger was hired at the Waterloo CBOC in January 2009 as a Nurse 1, Level 3, Step 12 on the Registered Nurse Pay Scale. Her starting salary was $52,599. Plaintiff Harshbarger's current salary is $59,544 based on a Nurse 2, Step 10 on the Registered Nurse Pay Scale. A copy of the Waterloo Registered Nurse Pay Scale is attached as Exhibit "C" and incorporated herein by reference.

   d. Plaintiff Main was hired at the Quincy CBOC in November 2008 as a Nurse 2, Step 12 on the Registered Nurse Pay Scale. Her starting salary

4

was $59,701. Plaintiff Main's current salary is $69,506 based on a Nurse 3, Step 13 on the Registered Nurse Pay Scale. A copy of the Quincy Registered Nurse Pay Scale is attached as Exhibit "D" and incorporated herein by reference.

e. Plaintiff Meiners was hired at the Decorah CBOC in January 2012 as a Nurse 2, Step 14 on the Registered Nurse Pay Scale. Her starting and current salary is $65,168. A copy of the Decorah Registered Nurse Pay Scale is attached as Exhibit "E" and incorporated herein by reference.

16. One of the two male Clinical Nurse Coordinators is Jeff Brehm, who was hired in August 2009 at the Cedar Rapids CBOC on the Iowa City Head Nurse Pay Scale. Although Mr. Brehm held the same title as Plaintiffs, performed the same job as Plaintiffs, was supervised by the same person as Plaintiffs, and his position required the same skill, responsibility and effort as the positions for Plaintiffs, he was placed on the Head Nurse Pay Scale rather than the Registered Nurse Pay Scale, which resulted in a significantly higher salary than the female Plaintiffs. In addition to being placed on the Head Nurse Pay Scale, Mr. Brehm was also provided two (2) additional steps for being employed as a Clinical Nurse Coordinator. A copy of the Iowa City Head Nurse Pay Scale is attached as Exhibit "F" and incorporated herein by reference. A copy of the Iowa City Registered Nurse Pay Scale is attached as Exhibit "G" and incorporated herein by reference.

17. Prior to 2012, Mr. David Helm, male, replaced Mr. Brehm as the Clinical Nurse Coordinator of the Cedar Rapids CBOC. Mr. Helm was hired as a Nurse 2, Step 9 on the Iowa City Head Nurse Scale, earning a starting salary of $71,287. Again, even though Mr. Helm held the same title as Plaintiffs, performed the same job as Plaintiffs, was supervised by the same

person as Plaintiffs, and his position required the same skill, responsibility and effort as the positions for Plaintiffs, he was placed on the Head Nurse Pay Scale rather than the Registered Nurse Pay Scale, which resulted in a significantly higher salary than the female Plaintiffs. In addition to being placed on the Head Nurse Pay Scale, Mr. Helm was also provided two (2) additional steps for being employed as a Clinical Nurse Coordinator. If Defendant had utilized the same Registered Nurse Pay Scale as was applied to Plaintiffs, Mr. Helm's starting salary would have been $65,400 based on his Nurse 2, Step 9 placement. *See*, Exhibits F and G. As of Mr. Helm's last date of employment in November 2012, his salary was $76,459 based on a Nurse 2, Step 12 on the Head Nurse Pay Scale.

18. In early February 2012, Plaintiffs became aware of the unequal pay from reviewing the 2011 Veterans Affair Medical Center Salaries, which had been published by the Iowa City Press Citizen. At that time, the salaries were published as follows:

    a. Kathy Harshbarger, RN-MGR/Head Nurse, $55,798;

    b. David Helm, RN-MGR/Head Nurse, $69,563;

    c. Ann Fessler, RN-MGR/Head Nurse, $55,798;

    d. N. Irene Main, RN-MGR/Head Nurse, $65,168; and

    e. Joyce Smithberg, RN-MGR/Head Nurse, $60,950.

19. Immediately following the discovery of the unequal pay, Plaintiffs contacted Defendant to discuss the disparity in salaries. On or about February 28, 2012, a meeting was held between Plaintiffs, Ms. Andrea Moen, Primary Nurse Care Administrator, Ms. Lori White, Human Resources representative, and Mr. David Powell, EEO Manager.

20. On numerous occasions it has been called to the attention of Defendant that it was compensating female Clinical Nurse Coordinators, such as the Plaintiffs, at levels considerably

below the compensation paid to the male Clinical Nurse Coordinators despite the fact that all Clinical Nurse Coordinators were performing equal work. However, Defendant has continued to provide unequal pay and discriminate against Plaintiffs based on their gender, female.

21. At all times relevant Defendant has known that Plaintiffs were receiving unequal pay and were being discriminated against in salary on the basis of sex, female, and had no reasonable grounds for believing that its actions did not violate the law, yet Defendant has intentionally and willfully maintained this practice and refused to correct it.

22. Dating back to February 2012, Defendant was consciously aware that there were large pay disparities among the Plaintiffs and male Clinical Nurse Coordinators because this information was communicated to it, namely Mr. Powell, Ms. Moen, and the Human Resources department, and therefore, Defendant's violation of the Equal Pay Act is willful.

23. Defendant's stated policy is to not discriminate between men and women, and to treat men and women equally in the payment of wages, and therefore, Defendant is aware of the requirements of the Equal Pay Act.

24. As a result of Defendant's discriminatory practice of compensating male Clinical Nurse Coordinators at a higher rate than that of the female Clinical Nurse Coordinators described above, even though males are performing work equal to that of the Plaintiffs, and as a result of Defendant's repeated failure and refusal to rectify this sex discrimination, the Plaintiffs have not only been denied salaries to which they should be entitled to, but have also incurred severe mental distress and emotional suffering.

**COUNT I – VIOLATION OF THE EQUAL PAY ACT – JOYCE SMITHBERG**

25. Plaintiffs incorporate paragraphs 1-24 of this Complaint as if fully set forth herein.

26. Plaintiff Smithberg was, and is, paid less than male employees at the Iowa City VAMC for performing equal work on equivalent jobs.

27. Plaintiff Smithberg performed substantially equal work on jobs requiring equal skill, effort and responsibility as her male counterparts who the Defendant paid more.

28. Plaintiff Smithberg performed her job under similar working conditions as her male counterparts who the Defendant paid more.

29. The above practice violated, and continues to violate, the Equal Pay Act, 29 U.S.C. § 206(d).

30. Defendant's violation of the Equal Pay Act as it relates to Plaintiff Smithberg has been intentional and willful for the reasons stated herein.

31. As a result of Defendant's actions, Plaintiff Smithberg has suffered damages and continues to suffer damages.

32. Plaintiff Smithberg requests relief as set forth in more detail below.

**COUNT II – VIOLATION OF THE EQUAL PAY ACT – ANN FESSLER**

33. Plaintiffs incorporate paragraphs 1-32 of this Complaint as if fully set forth herein.

34. Plaintiff Fessler was, and is, paid less than male employees at the Iowa City VAMC for performing equal work on equivalent jobs.

35. Plaintiff Fessler performed substantially equal work on jobs requiring equal skill, effort and responsibility as her male counterparts who the Defendant paid more.

36. Plaintiff Fessler performed her job under similar working conditions as her male counterparts who the Defendant paid more.

37. The above practice violated, and continues to violate, the Equal Pay Act, 29 U.S.C. § 206(d).

38. Defendant's violation of the Equal Pay Act as it relates to Plaintiff Fessler has been intentional and willful for the reasons stated herein.

39. As a result of Defendant's actions, Plaintiff Fessler has suffered damages and continues to suffer damages.

40. Plaintiff Fessler requests relief as set forth in more detail below.

**COUNT III – VIOLATION OF THE EQUAL PAY ACT –KATHLEEN HARSHBARGER**

41. Plaintiffs incorporate paragraphs 1-40 of this Complaint as if fully set forth herein.

42. Plaintiff Harshbarger was, and is, paid less than male employees at the Iowa City VAMC for performing equal work on equivalent jobs.

43. Plaintiff Harshbarger performed substantially equal work on jobs requiring equal skill, effort and responsibility as her male counterparts who the Defendant paid more.

44. Plaintiff Harshbarger performed her job under similar working conditions as her male counterparts who the Defendant paid more.

45. The above practice violated, and continues to violate, the Equal Pay Act, 29 U.S.C. § 206(d).

46. Defendant's violation of the Equal Pay Act as it relates to Plaintiff Harshbarger has been intentional and willful for the reasons stated herein.

47. As a result of Defendant's actions, Plaintiff Harshbarger has suffered damages and continues to suffer damages.

48. Plaintiff Harshbarger requests relief as set forth in more detail below.

**COUNT IV – VIOLATION OF THE EQUAL PAY ACT – NELLIE MAIN**

49. Plaintiffs incorporate paragraphs 1-48 of this Complaint as if fully set forth herein.

50. Plaintiff Main was, and is, paid less than male employees at the Iowa City VAMC for performing equal work on equivalent jobs.

51. Plaintiff Main performed substantially equal work on jobs requiring equal skill, effort and responsibility as her male counterparts who the Defendant paid more.

52. Plaintiff Main performed her job under similar working conditions as her male counterparts who the Defendant paid more.

53. The above practice violated, and continues to violate, the Equal Pay Act, 29 U.S.C. § 206(d).

54. Defendant's violation of the Equal Pay Act as it relates to Plaintiff Main has been intentional and willful for the reasons stated herein.

55. As a result of Defendant's actions, Plaintiff Main has suffered damages and continues to suffer damages.

56. Plaintiff Main requests relief as set forth in more detail below.

**COUNT V – VIOLATION OF THE EQUAL PAY ACT – CONNIE MEINERS**

57. Plaintiffs incorporate paragraphs 1-56 of this Complaint as if fully set forth herein.

58. Plaintiff Meiners was, and is, paid less than male employees at the Iowa City VAMC for performing equal work on equivalent jobs.

59. Plaintiff Meiners performed substantially equal work on jobs requiring equal skill, effort and responsibility as her male counterparts who the Defendant paid more.

60. Plaintiff Meiners performed her job under similar working conditions as her male counterparts who the Defendant paid more.

61. The above practice violated, and continues to violate, the Equal Pay Act, 29 U.S.C. § 206(d).

62. Defendant's violation of the Equal Pay Act as it relates to Plaintiff Meiners has been intentional and willful for the reasons stated herein.

63. As a result of Defendant's actions, Plaintiff Meiners has suffered damages and continues to suffer damages.

64. Plaintiff Meiners requests relief as set forth in more detail below.

## **PRAYER FOR RELIEF, EQUAL PAY ACT CLAIMS**

**WHEREFORE,** Plaintiffs pray for the following relief:

A. That the Court declare Defendant's conduct complained of herein to be in violation of Plaintiffs' rights as secured by the Equal Pay Act, 29 U.S.C. § 206(d), *et seq.*;

B. That the Court permanently enjoin the Defendant and its officers, trustees, employees, agents, attorneys, successors, and assigns and those acting in concert therewith from any conduct violating Plaintiffs' rights and those similarly situated as secured by Section 206(d) of the Act;

C. That the Court award Plaintiffs an amount equal to the difference between the wages actually received and the wages paid to male employees performing equal work within the meaning of Section 206(d) of the Act and interest thereon together with an additional equal amount as liquidated damages pursuant to Section 216(b) of the Act;

D.  That the Court order Defendant to pay salaries to Plaintiffs consistent with the Iowa City Head Nurse Pay Scale utilized for compensating male Clinical Nurse Coordinators; and

E.  That the Court award Plaintiffs reasonable attorney's fees and litigation expenses pursuant to Section 216(b) of the Act, award Plaintiffs their costs pursuant to *Fed. R. Civ. P.* 54(d), and award such additional and further relief as may be just, proper and equitable.

## **COUNT VI – VIOLATION OF TITLE VII FOR SEX DISCRIMINATION – JOYCE SMITHBERG**

65.  Plaintiffs incorporate paragraphs 1-64 of this Complaint as if fully set forth herein.

66.  Defendant discriminated against Plaintiff Smithberg with respect to the terms and conditions of her employment on the basis of her sex in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.,* as set forth above.

67.  Defendant engaged in a continuing and pervasive pattern and practice of sex discrimination in employment opportunities and other terms and conditions of employment.

68.  Defendant intentionally discriminated against Plaintiff Smithberg on the basis of her sex by intentionally failing and refusing to pay her a salary equal to those paid to males performing equal work.

69.  As a direct and proximate result of Defendant's acts and omissions described above, Plaintiff Smithberg was damaged, suffering economic losses, mental and emotional harm, anguish, humiliation, embarrassment, anxiety, fear, despair, dejection, discouragement, degradation, disgrace, aggravation, uncertainty, apprehensiveness, exasperation, tension, unease,

past and future loss of wages and benefits, and other emoluments of employment, and other damages.

70.     Plaintiff Smithberg requests relief as set forth in more detail below.

## COUNT VII – VIOLATION OF TITLE VII FOR SEX DISCRIMINATION – ANN FESSLER

71.     Plaintiffs incorporate paragraphs 1-70 of this Complaint as if fully set forth herein.

72.     Defendant discriminated against Plaintiff Fessler with respect to the terms and conditions of her employment on the basis of her sex in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.,* as set forth above.

73.     Defendant engaged in a continuing and pervasive pattern and practice of sex discrimination in employment opportunities and other terms and conditions of employment.

74.     Defendant intentionally discriminated against Plaintiff Fessler on the basis of her sex by intentionally failing and refusing to pay her a salary equal to those paid to males performing equal work.

75.     As a direct and proximate result of Defendant's acts and omissions described above, Plaintiff Fessler was damaged, suffering economic losses, mental and emotional harm, anguish, humiliation, embarrassment, anxiety, fear, despair, dejection, discouragement, degradation, disgrace, aggravation, uncertainty, apprehensiveness, exasperation, tension, unease, past and future loss of wages and benefits, and other emoluments of employment, and other damages.

76.     Plaintiff Fessler requests relief as set forth in more detail below.

## COUNT VIII – VIOLATION OF TITLE VII FOR SEX DISCRIMINATION –

## KATHLEEN HARSHBARGER

77. Plaintiffs incorporate paragraphs 1-76 of this Complaint as if fully set forth herein.

78. Defendant discriminated against Plaintiff Harshbarger with respect to the terms and conditions of her employment on the basis of her sex in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.,* as set forth above.

79. Defendant engaged in a continuing and pervasive pattern and practice of sex discrimination in employment opportunities and other terms and conditions of employment.

80. Defendant intentionally discriminated against Plaintiff Harshbarger on the basis of her sex by intentionally failing and refusing to pay her a salary equal to those paid to males performing equal work.

81. As a direct and proximate result of Defendant's acts and omissions described above, Plaintiff Harshbarger was damaged, suffering economic losses, mental and emotional harm, anguish, humiliation, embarrassment, anxiety, fear, despair, dejection, discouragement, degradation, disgrace, aggravation, uncertainty, apprehensiveness, exasperation, tension, unease, past and future loss of wages and benefits, and other emoluments of employment, and other damages.

82. Plaintiff Harshbarger requests relief as set forth in more detail below.

## COUNT IX – VIOLATION OF TITLE VII FOR SEX DISCRIMINATION – NELLIE MAIN

83. Plaintiffs incorporate paragraphs 1-82 of this Complaint as if fully set forth herein.

84. Defendant discriminated against Plaintiff Main with respect to the terms and conditions of her employment on the basis of her sex in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.,* as set forth above.

85. Defendant engaged in a continuing and pervasive pattern and practice of sex discrimination in employment opportunities and other terms and conditions of employment.

86. Defendant intentionally discriminated against Plaintiff Main on the basis of her sex by intentionally failing and refusing to pay her a salary equal to those paid to males performing equal work.

87. As a direct and proximate result of Defendant's acts and omissions described above, Plaintiff Main was damaged, suffering economic losses, mental and emotional harm, anguish, humiliation, embarrassment, anxiety, fear, despair, dejection, discouragement, degradation, disgrace, aggravation, uncertainty, apprehensiveness, exasperation, tension, unease, past and future loss of wages and benefits, and other emoluments of employment, and other damages.

88. Plaintiff Main requests relief as set forth in more detail below.

## COUNT X – VIOLATION OF TITLE VII FOR SEX DISCRIMINATION – CONNIE MEINERS

89. Plaintiffs incorporate paragraphs 1-88 of this Complaint as if fully set forth herein.

90. Defendant discriminated against Plaintiff Meiners with respect to the terms and conditions of her employment on the basis of her sex in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.,* as set forth above.

91. Defendant engaged in a continuing and pervasive pattern and practice of sex discrimination in employment opportunities and other terms and conditions of employment.

92. Defendant intentionally discriminated against Plaintiff Meiners on the basis of her sex by intentionally failing and refusing to pay her a salary equal to those paid to males performing equal work.

93. As a direct and proximate result of Defendant's acts and omissions described above, Plaintiff Meiners was damaged, suffering economic losses, mental and emotional harm, anguish, humiliation, embarrassment, anxiety, fear, despair, dejection, discouragement, degradation, disgrace, aggravation, uncertainty, apprehensiveness, exasperation, tension, unease, past and future loss of wages and benefits, and other emoluments of employment, and other damages.

94. Plaintiff Meiners requests relief as set forth in more detail below.

## **PRAYER FOR RELIEF, TITLE VII – SEX DISCRIMINATION**

**WHEREFORE,** Plaintiffs pray for the following relief:

A. That the Court declare Defendant's conduct complained of herein to be in violation of Plaintiffs' rights as secured by 42 U.S.C. § 2000e;

B. That the Court permanently enjoin the Defendant and its officers, trustees, employees, agents, attorneys, successors, and assigns and those acting in concert therewith from any conduct violating Plaintiffs' rights and those similarly situated as secured by 42 U.S.C. § 2000e, and order such other injunctive relief as will prevent Defendant from continuing its discriminatory practices and protect others similarly situated;

C. That the Court award Plaintiffs compensatory damages which will fully and fairly compensate them for injuries and damages;

D. That the Court order the Defendant to make whole the Plaintiffs by providing them with appropriate lost earnings and benefits with pre-judgment interest, and other affirmative relief;

E. That the Court award Plaintiffs attorney's fees and costs incurred in prosecuting this action; and

F. That the Court award Plaintiffs such additional and further relief as it deems just and proper.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), and 42 U.S.C. § 1981(a), Plaintiffs hereby demand a trial by jury in this matter.

**DATED** this 24th day of March, 2014.

> **JOYCE SMITHBERG, ANN FESSLER, KATHLEEN HARSHBARGER, NELLIE MAIN, CONNIE MEINERS, Plaintiffs,**
>
> BY:   s/ Raymond R. Aranza
> Raymond R. Aranza #0000554
> Jamie M. Hurst, NE Bar #25256
> MARKS CLARE & RICHARDS, L.L.C.
> 11605 Miracle Hills Drive, Suite 300
> Omaha, Nebraska 68154
> Phone: 402-492-9800
> Fax:    402-492-9336
> E-Mail: raranza@mcrlawyers.com
> E-Mail: jhurst@mcrlawyers.com
> **Attorneys for Plaintiffs**

N:\WDOX\CLIENTS\21327\000\PLEA\00117295.DOCX